UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-453-KKM-TGW

CALEB BELLANGER

**UNITED STATES'
SENTENCING MEMORANDUM**

The United States files this memorandum and respectfully recommends that the Court sentence Defendant, Caleb Bellanger, to 264 months' imprisonment, followed by a lifetime of supervised release. The requested term of imprisonment falls within the middle of the Sentencing Guidelines range of 235 to 293 months. The United States further asks the Court to order Defendant to pay $1,410 in restitution to A.D., one of the victims of the offense.[1]

I. **FACTUAL BACKGROUND**

In April 2023, HSI Chicago executed a search warrant at an individual's home and found child pornography on several of his electronic devices. HSI Chicago discovered images that depict several minor victims who live in the Tampa Bay area and asked HSI Tampa to assist with interviews. In its investigation, HSI Tampa identified Defendant as an individual who also received child sexual abuse material that depicted these minors.

---

[1] One victim requests restitution for medical ($300) and counseling ($1,110) expenses.

HSI Tampa continued to investigate Defendant and eventually identified approximately 30 minor victims, all between the ages of 13 and 17. In sum, Defendant enticed these minors to produce and send him sexually explicit photos and videos of themselves, via Snapchat, in exchange for money, vapes, and alcohol. He directed them what to send and how. The Snapchat messages below provide some examples:

| | |
|---|---|
| BELANGER: | Do them in the mirror full body and face |
| BELANGER: | But start w clothes and take a piece off for every pic |
| BELANGER: | Good lighting not dark |
| BELANGER: | I'll just start sending once you do |
| BELANGER: | Ion have a limit |
| BELANGER: | [Sent a media file. This media file depicts a pubescent female between the ages of 14 and 17. The pubescent female is standing nude in a full-length mirror in a bedroom. The pubescent female's breasts and front of her genitals are exposed to the camera.] |
| BELANGER: | Like this one but even more full body |

…

| | |
|---|---|
| BELANGER: | Take a vid of you stripping too then full body and face |
| BELANGER: | Prop your phone up somewhere |
| BELANGER: | And send a bunch of pics and put captions on them |
| BELANGER: | Send the pics as snaps |

…

| | |
|---|---|
| BELANGER: | 20 more pics and 10 vids and yes |
| BELANGER: | Captions like damn I want you inside me etc.. |
| BELANGER: | Do most the vids in the mirror |
| BELANGER: | Ur face in everything and more stripping vids |
| BELANGER: | Stick ur tongue out and shit and touch urself please |
| BELANGER: | Ill send 50 of it rn |

…

| | |
|---|---|
| BELANGER: | Captions on the pics please babe |
| BELANGER: | And bend over in some |
| | |
| Victim 5: | I'm doing some w and some with out |
| Victim 5: | Bc |
| Victim 5: | 20 is a lot |
| | |
| BELANGER: | Touch ur tits and pussy |
| BELANGER: | Bend over in some pics and vids please |

…

| | |
|---|---|
| BELANGER: | Make them the best I've ever seen (put captions, wink, stick your tongue out) |
| BELANGER: | And if you do send a video in the mirror make it a long one and save it and send it here in the chat |
| BELANGER: | I'll throw you an extra whatever you want |
| BELANGER: | Just name it and I got you |

Defendant also asked the minor girls to recruit others for him and told them that he would provide additional benefits to them, if they did. For example:

| | |
|---|---|
| BELANGER: | If devyn pulls through and sends I'll give you each $30 extra w whatever I drop off |
| BELANGER: | And I'll do that for everyone you refer just saying |
| BELANGER: | Cause a*******[2] is legit as fuck |

…

| | |
|---|---|
| BELANGER: | Can I send you $100 rn |
| | |
| Victim 5: | umm maybe tmr i'm not feeling good rn |

---

[2] The name is redacted to protect the minor's identity.

| | |
|---|---|
| BELANGER: | And 1 vid in the mirror |
| BELANGER: | I'll send you the $100 rn |
| BELANGER: | And the other $100 after |
| BELANGER: | But I'll send even more after if you go above and beyond |
| BELANGER: | Or if you get a friend to send |
| BELANGER: | I'll send you both $100 |
| BELANGER: | So you got a chance at $400 rn I wouldn't turn that down |
| | |
| Victim 5: | not a friend |
| Victim 5: | i'll send 15 pictures idk abt a vid |

Defendant not only directed the minor girls to produce sexually explicit photos and videos of themselves (which included depictions of masturbation) but also offered money in exchange for sex or sex acts, as the following messages show:

| | |
|---|---|
| BELANGER: | How much for you to be dtf? |
| BELANGER: | But send a bunch of pics as snaps |
| BELANGER: | With captions |
| | |
| Victim 5: | Idk what to say |
| | |
| BELANGER: | Don't stop till I say |
| BELANGER: | Or even just top |
| | |
| Victim 5: | Well idk abt that but u said u send me alot rn and I haven't done it in a while but i frl need money rn and ur only giving me 25 sooo |
| | |
| BELANGER: | I'll send you 100 if you can chill |
| BELANGER: | 150 for making out and shit |
| BELANGER: | 250 if we fuck |
| BELANGER: | And yeah but I'm sending 25 multiple times |

4

| | |
|---|---|
| Victim 5: | Ok but i j sent u vids and hella pictures and vid of em stripping |
| Victim 5: | And in the beginning u said 300 that's why I was doing this |
| Victim 5: | K so I'm only getting 75 for all dat |
| Victim 5: | Def not tn i can't j leave my house |
| Victim 5: | The alarms would go off.. |
| Victim 5: | I would get caught |
| Victim 5: | BRU the alarms would go off and my parents would hear it and I wouldn't even b able to get out the windo |

Defendant's contact with the minor victims was constant and demanding. The Snapchat communications are voluminous and, as such, the United States provides only a small portion of the communications here.

A later search of Defendant's iPhone, iPad, and Snapchat account revealed 1,209 images and 111 videos of child sexual abuse material.

**II.  PROCEDURAL HISTORY**

In November 2023, Defendant was charged by Complaint with one count of coercion and enticement of a minor to engage in sexual activity. Doc. 1. Defendant was ordered detained pending trial. Doc. 17.

In December 2023, a federal grand jury charged Defendant by Indictment with three counts of coercion and enticement of a minor to engage in sexual activity (Counts One, Two, and Four), in violation of 18 U.S.C. § 2422(b), one count of production of child pornography (Count Three), in violation of 18 U.S.C. § 2251(a)

and (e),[3] and one count of possession of child pornography (Count Five), in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Doc. 18.

In March 2024, Defendant entered into a Plea Agreement with the United States in which the United States agreed to ask the Court, at sentencing, to dismiss Counts One, Three, and Four (two counts of coercion and enticement, and one count of production of child pornography), in exchange for Defendant's guilty plea to Counts Two and Five (one count of coercion and enticement, and one count of possession of child pornography). Doc. 36 at 1 ¶ 1, 3 ¶ 4. The United States further agreed to recommend to the Court that Defendant be sentenced within his applicable Guidelines range as determined by the Court. *Id.* at 4-5 ¶ 8. Defendant admitted to the factual allegations in the Plea Agreement, *id.* at 15-17, and agreed to pay restitution to the victims of all counts. *Id.* at 4 ¶¶ 6-7.

The Court accepted Defendant's plea and adjudicated him guilty of Counts Two and Five of the Indictment. Docs. 46, 49. Sentencing is scheduled for Tuesday, July 30, 2024, at 10:30 a.m.

### III. PRESENTENCE INVESTIGATION REPORT AND SENTENCING GUIDELINES

The Presentence Investigation Report ("PSR") shows that the applicable Guidelines range is **235-293 months**. PSR at 11 ¶ 68, Doc. 59. Neither the United States nor Defendant filed objections to the Guidelines range.

---

[3] Production of child pornography carries a 15-year mandatory minimum term of imprisonment.

Count Two is punishable by a mandatory minimum term of imprisonment of ten years, and a maximum of life. 18 U.S.C. § 2422(b). Count Five is punishable by a maximum term of imprisonment of ten years. 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Additionally, the Court must impose a term of supervised release of at least five years, and up to life. *Id.* § 3583(k). Restitution is mandatory. *Id.* § 2259(b)(2).

## IV.  SECTION 3553(a) FACTORS

When determining the sentence to impose, district courts "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351 (2009). The § 3553(a) factors are:

(1) the nature of the offense and the defendant's characteristics;

(2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (b) provide adequate deterrence, (c) protect the public, and (d) provide rehabilitation;

(3) the kinds of sentences legally available;

(4) the Sentencing Guidelines;

(5) Sentencing Commission policy statements;

(6) the need to avoid unwanted disparities; and

(7) the need for restitution.

*See* 18 U.S.C. § 3553(a); *Rita v. United States* 551 U.S. 338, 347-48 (2007). Courts must consider all factors but may give greater weight to some over others. *United*

States v. Taylor, 736 F. App'x 216, 222 (11th Cir. 2018) (citing *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015)).

The § 3553(a) factors support a lengthy term of imprisonment followed by a lifetime of supervised release. The United States addresses here several of those factors.

### a. Nature and Circumstances of the Offense

Defendant enticed approximately 30 minor females to produce and send him sexually explicit photos and videos of themselves, in exchange for money, vapes, and alcohol. His constant and repeated communications with those minors show his desire to control young girls and exploit them for sexual purposes. Defendant also asked young girls to recruit others for him, and even offered money in exchange for sex. Defendant is, in sum, a child predator who deserves a lengthy sentence.

### b. Defendant's History and Characteristics

Defendant is 25 years old and attended some college. PSR at 2, Doc. 59. He has been arrested once before when he was 24 years old, for Driving Under the Influence. *Id.* at 8 ¶ 45. According to the arrest report, he traveled the wrong direction on a one-way street. He showed several signs of impairment, admitted to drinking at a bar before driving, and registered a 0.15 and 0.14 BAC. *Id.*

Defendant reported that he grew up with both parents and several siblings, resided in safe neighborhoods, was adequately provided for, and experienced a positive upbringing free from neglect and abuse. *Id.* at 8-9 ¶ 48. He has previously

worked as a server and barback. *Id.* at 11 ¶ 63. He has a history of using substances, as Defendant reported previous use of marijuana, cocaine, and LSD, as well as heavy alcohol consumption (Defendant reported that he believes he had a drinking problem). *Id.* at 10 ¶ 56.

Although his background does not show a lengthy criminal history, Defendant's conduct here supports a lengthy term of imprisonment. The United States considered his lack of criminal history, among other factors, in its determination to offer a plea in which the production of child pornography offense—which carries a 15-year mandatory minimum term of imprisonment—would be dismissed in exchange for his guilty plea to other counts of the Indictment.

### c. Seriousness of the Crime; Respect for the Law; and the Need for a Just Punishment

"Child sex crimes are among the most egregious and despicable of societal and criminal offenses . . . ." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009). Children are the most vulnerable members of society and the harms inflicted upon them from sex crimes is long-lasting.

The Court need not look far to see the extent of harm that Defendant's conduct produces. As the parent of one victim wrote:

> My daughter has experienced a loss of friends, is withdrawn from our family, she suffers from PTSD, panic attacks and anxiety and no longer is able to attend regular school. The impact it has had on our relationship as a mother and daughter is different and also with her brother, father and grandma.
>
> …

9

> My daughter had never done anything like this before and was influenced and told by this man that it was ok. She was told how she could earn money and how it was not wrong…. She lives in constant fear. She cannot even speak about the incident without going into a panic attack. She has to hide this from everyone and live a lie.

As stated, Defendant engaged in his criminal conduct with approximately 30 different minor girls. "It follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010). The seriousness of Defendant's crime, respect for the law, and need for a just punishment supports a lengthy term of imprisonment followed by a lifetime of supervised release, as the Commission explicitly prefers. *See* USSG §5D1.2(b)(2) ("If the instant offense of conviction is a sex offense, . . . the statutory maximum term of supervised release is recommended.").

### d. Deterrence and Protection of the Public

The Supreme Court has noted (on more than one occasion) that "[t]he risk of recidivism posed by sex offenders is 'frightening and high.'" *Smith v. Doe*, 538 U.S. 84, 103 (2003) (quoting *McKune v. Lile*, 536 U.S. 24, 34 (2002)). The Eleventh Circuit agrees: "As Congress has found and as we have discussed, child sex offenders have appalling rates of recidivism and their crimes are under-reported." *Pugh*, 515 F.3d 1179 at 1201 (citing *United States v. Allison*, 447 F.3d 402, 405-06 (5th Cir. 2006)). Defendant, as a convicted sex offender, fits within this class, and his conduct shows that he is a danger to the public.

## V. CONCLUSION

For those reasons, the United States recommends that the Court sentence Defendant to 264 months' imprisonment followed by a lifetime of supervised release. The United States further asks the Court to order restitution in the amount of $1,410.

                        Respectfully submitted,

                        ROGER B. HANDBERG
                        United States Attorney

By:   */s/ Ross Roberts*
       Ross Roberts
       Assistant United States Attorney
       Florida Bar No. 126847
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Ross.Roberts@usdoj.gov

U.S. v. Caleb Bellanger                                    Case No. 8:23-cr-453-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

          By:    */s/ Ross Roberts*
                  Ross Roberts
                  Assistant United States Attorney
                  Florida Bar No. 126847
                  400 N. Tampa Street, Suite 3200
                  Tampa, Florida 33602-4798
                  Telephone:  (813) 274-6000
                  Facsimile:   (813) 274-6358
                  E-mail: Ross.Roberts@usdoj.gov